STEVEN G. KALAR
Federal Public Defender
JEROME E. MATTHEWS
Assistant Federal Public Defender
1301 Clay St., Suite 1350N
Oakland, CA 94612
510-637-3500 (phone)
510-637-3507 (fax)

Counsel for Defendant HUGO SCHERZBERG

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                       )<br>                   Plaintiff,                )<br>                                                       )<br> vs.                                                 )<br>                                                       )<br> HUGO SCHERZBERG,                  )<br>                                                       )<br>                   Defendant.            )<br> _____) | No. CR 15 - 00149 HSG<br><br>**HUGO SCHERZBERG'S SENTENCING MEMORANDUM**<br><br>**Date:  28 March 2016**<br>**Time: 2:00 p.m.** |

**1. Preliminary Statement**

This is not a typical arson case, much less a typical case involving damage to religious property. On 20 March 2010, without the anti-religious animus that usually underlies an arson attack against a church, mosque or other place of worship, Hugo Scherzberg set fire to the subject property because he was mad at God for ruining his life.  Then, in a series of events that would be comic in other circumstances, Mr. Scherzberg twice tried to get himself arrested – he failed miserably.

Mr. Scherzberg now stands before the Court for sentencing following his guilty plea to damaging religious property, 18 U.S.C. § 247(a)(1) and (d)(3).

**2. Background**

Since childhood Mr. Scherzberg has seemingly preferred to avoid close relationships and what is often termed "normal social interaction."  His alcoholic and uninvolved father moved out of the house when Mr. Scherzberg was five years old, and divorced his mother when Mr. Scherzberg was seven.  PSR, ¶ 38.  Following the divorce, Mr. Scherzberg became less involved in social activities and began to gain a great deal of weight.  PSR, ¶ 39.

The year 2008 marked a turning point in Mr. Scherzberg's life.  His mother died from pulmonary disease and shortly thereafter he was diagnosed with end stage renal failure.  Unemployed and lacking the social skills to seek support effectively, Mr. Scherzberg was adrift until 2009 when his siblings asked him to vacate the family home.  PSR, ¶ 37.  He moved into an apartment but was evicted after he depleted his savings.

On 20 March 2010, Mr. Scherzberg set fire to the Church of the Living God in Pittsburg, CA.  In a later statement to police, following his arrest in 2014 for setting fire to a church in San Francisco, he confessed that committed these acts of arson not because he had anything against Christianity or any other religion but for the unusual reason that he was angry at God for making his life so difficult.

The events leading up to his arrest are equally unusual.  On 19 November 2014, having been evicted from his apartment, Mr. Scherzberg walked into Southern Station of the San Francisco Police Department and attempted to turn himself in for setting fire to the Church of the Living God in Pittsburg.  Mr. Scherzberg informed the police officer who took his report that he didn't want "to injure himself or anyone else, but that he would try to find a way into jail because he needed a permanent housing resolution."  The officer contacted Pittsburg Police, who stated that a report was

not necessary.  A copy of the San Francisco Police incident report is attached as Exhibit A.

On or about 21 November 2014, Mr. Scherzberg went to the Pittsburg Police Station and again attempted to turn himself in for setting fire to the Church of the Living God.  The Pittsburg Police logged in Mr. Scherzberg's statements but took no further action.  A copy of the data entry log for that incident is attached as Exhibit B.[1]

Mr. Scherzberg was arrested shortly after setting fire to a church in San Francisco.  PSR, ¶ 11.  During a subsequent interview by police and fire investigators, he stated that he would not have set fire to the church in Pittsburg had it been named "Church of the Living Christ" instead of "Church of the Living God."  A copy of the ATF report summarizing the confession is attached as Exhibit C.  His reasoning simply was that it was "God" who had caused his problems; he had no problem with any religion or specific group of people.

### 3.  Sentencing Argument

In 2011 the Supreme Court refined its post-*Booker* sentencing directives by reminding the district courts that prison sentences may not be increased to serve the purposes of rehabilitation, for the simple – and statutorily expressed – reason that imprisonment is not designed to rehabilitate criminal defendants.  In *Tapia v. United States*, 131 S.Ct. 2382 (2011), the Court considered the relationship between 18 U.S.C. §§ 3553(a) and 3582(a), and held that it was error for a district court to increase a term of imprisonment in order to promote a defendant's rehabilitation.[2]  *Tapia*, 131 S.Ct. at 2389-90.  When, as here, a defendant's background begs the need for rehabilitation, the

---

[1] The entry seems to indicate that Mr Scherzberg wouldn't identify the crime he committed.  Mr Scherzberg states that he told the officer to whom he spoke that he had set fire to the Church of the Living God.

[2] Section 3582(a) instructs that "imprisonment is not an appropriate means of promoting correction and rehabilitation."

- 3 -

Court should tailor its sentence to maximize that salutary objective by imposing the least amount of prison time necessary to accomplish it, and to satisfy the directives of section 3553(a).[3]

U.S. Probation Officer Jessica Goldsberry has authored a thorough and well-reasoned report. Mr. Scherzberg offers the following brief statement why the Court should impose a sentence no higher than the low end of the applicable guidelines range, as provided in the parties' plea agreement.[4]

**A. Mr. Scherzberg Has Labored Under a Late Diagnosis Mental Impairment**

On 9 September 2015, Dr. Scott Lines conducted a psychological evaluation of Mr. Scherzberg at Santa Rita Jail. It is Dr. Lines's opinion that Mr. Scherzberg has a history of persecutory delusions and in the past has met the diagnostic criteria for delusional disorder. This is partly based on Mr. Scherzberg's previously expressed belief that his employer was spying on him by using remotely accessed cameras to view his activities. Dr. Lines also believes that Mr. Scherzberg currently suffers from schizoid personality disorder, and that Mr. Scherzberg's lack of social networks which could be called upon in times of need or personal duress, the death of his mother in 2008, and the disabling medical conditions of renal failure and cardiopulmonary obstructive disorder were the underlying reasons for setting fire to the Church of the Living God.

Mr. Scherzberg does not suggest that his mental impairments diminish his responsibility. Yet it is inescapable that they are a significant contributing factor. This is especially so given his choice

---

[3] This indeed is the government position on what the district court may do to foster rehabilitation, although the Supreme Court expressed no views on it. *Tapia*, 131 S.Ct. at 2390 n.5. (noting government's argument that "Congress did not intend to prohibit courts from imposing *less* imprisonment in order to promote a defendant's rehabilitation).

[4] Officer Goldsberry recommends a variance downward to 30 months. Mr Scherzberg appreciates her thoughtfulness and insights, and, irrespective of the Court's view on an appropriate sentence, will abide the terms of his plea agreement.

of a church to vent his frustration at a supreme being: persecutory delusions focus the deluded individual on the perceived persecutor.

The foregoing illustrates that Mr. Scherzberg's conduct is not that of a serial arsonist, but rather that of a individual desperately seeking a more stable life.  As Dr Lines notes

> Facing possible homelessness, unable to work, on disability for a serious medical condition needing several treatments per week and without durable social networks because of his personality and delusional disorders, in March 2010 Hugo Scherzberg decided to light the fire at the Church of the Living God in Pittsburg, California.  His stated intention was "to bide me time, room and board."

Mr. Scherzberg needs counseling and treatment more than he needs a lengthy prison sentence.  A low end sentence therefore is consistent with section 3553(a)'s directive to consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant.

### B.  A Low End Sentence is Just Punishment

As noted at some length, this is not a typical arson.  Aside from Mr. Scherzberg's stated reasons for setting fire to the Church of the Living God, this is the rare case in which a defendant has twice tried to turn himself in to the authorities.  Mr. Scherzberg is not asking for a medal because he attempted to bring his conduct to the attention of police, but it bears consideration that he acknowledged the wrongfulness of his conduct, despite his persecutory delusions, and was poised to accept responsibility had the police arrested him.[5]  A low end sentence is consistent with Mr. Scherzberg's demonstrable attempts to cooperate in his own prosecution.

### C.  A Low End Sentence Will Sufficiently Protect the Public

The facts that make this arson atypical also demonstrate that a low end sentence will protect

---

[5] As noted in the PSR, Mr. Scherzberg gave a full confession to law enforcement following his arrest.

the public. First, an act of desperation that did not target a particular faith, congregation or religious group is not, in the strict sense, religiously motivated. Second, as Dr Lines also notes,

> [I] don't view this man as dangerous to religious institutions in general; he does not feel himself called to burn down churches to make an anti-religious statement. Instead, he chose what he thought was a durable fire-resistant structure, an adobe building, unoccupied at a time of day when services were not being conducted. He set the fire at the window of the church, where it would be visible to passersby and therefore quickly extinguished.

Finally, the very social fabric that Mr. Scherzberg has at times sought to avoid – and that was unavailable to him when he most needed it – can be provided to him through a course of treatment and assistance through the U.S. Probation Office. Mental health treatment, employment assistance, and numerous other services can provide a network of support that Mr. Scherzberg can call upon during his term of supervised release.

### 3. Conclusion

For the reasons stated, Hugo Scherzberg respectfully requests that the Court impose a sentence no higher than the low end of the applicable guidelines range, here 41 months.

Dated: 21 March 2016          Respectfully submitted,

                              STEVEN G. KALAR
                              Federal Public Defender

                                       /s/

                              JEROME E. MATTHEWS
                              Assistant Federal Public Defender